in so many other contexts. If anything, Congress's long history of using an inmate's sentence to calculate good conduct time supports a conclusion that Congress would have been more explicit if it had intended to adopt a different policy. Firstar Bank, 253 F.3d at 988 ("The courts presume that Congress will use clear language if it intends to alter an established understanding about what a law means; if Congress fails to do so, courts presume that the new statute has the same effect as the older version."). (Petitioner also cites statements by Senator Joseph Biden, who co-authored the Comprehensive Crime Control Act of 1984, that § 3624(b) was intended to give inmates good time credit of up to 15% of their sentences. 141 Cong. Rec. S2348-01 (Feb. 9, 1995); 140 Cong. Rec. S12314-01, S12350 (Aug. 23, 1994). However, because both of these statements were made well after § 3624 was enacted, their probative value is limited. Sullivan v. Finkelstein, 496 U.S. 617, 628 n.8 (1990) (noting "difficulties inherent in relying on subsequent legislative history"); St. Francis Hospital Center v. Heckler, 714 F.2d 872, 880 (7th Cir. 1983) ("[P]ost enactment history is not the surest guide of the legislative intent in initially passing the Act.").)

Neither the Supreme Court nor the Court of Appeals for the Seventh Circuit has held explicitly that § 3624(b) requires the bureau to calculate good conduct time on the basis of the sentence imposed. However, as petitioner points out, the court of appeals has assumed that an inmate may be able to deduct up to 15% of his or her *sentence* by earning good conduct time (54 days is approximately 15% of one year). E.g., United States v. Martin, 100

11

F.3d 46, 47 (7th Cir. 1996) (assuming that inmate could earn 4.5 years of good conduct time on 30-year sentence, or 15%); see also United States v. Prevatte, 66 F.3d 840, 846 (7th Cir. 1995) (Posner, J., concurring) (assuming that inmate can reduce *sentence* through good conduct time by up to 14.7%).

One court has determined that the meaning of "term of imprisonment" in § 3624 is ambiguous. Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001). However, in coming to this conclusion, the court did not consider how the phrase was used in the first sentence of § 3624(a) and the first sentence of § 3624(b)(1), as well as in the rest of the criminal code. Moreover, the court did not take into account the history of the statute showing that Congress intended good conduct time to be deducted from an inmate's sentence. In finding the statute ambiguous, the court relied solely on the last sentence of § 3624(b)(1), which states that "credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence." The court concluded that a "sentence imposed" interpretation of "term of imprisonment" would be "inconsistent" with a requirement to prorate good time credits during the last year of the term. Pacheco-Camacho, 272 F.3d at 1268-69.

I respectfully disagree with the conclusion that § 3624(b)(1) is ambiguous because it requires the last year of the term to be prorated. This requirement would support the bureau's interpretation of the statute only if all prison sentences were imposed in whole

12

years. Because defendants in federal court are sentenced to a term of months rather than years, many sentences will end in a number of months after the last full year. Thus, there is nothing inconsistent between prorating good time for the last year of the term and interpreting "term of imprisonment" to mean the sentence. Regardless of the interpretation of "term of imprisonment," an inmate's good time will have to be prorated when his or her sentence consists of a number of years and some odd months.

In Pacheco-Camacho, the court stated that a "sentence imposed" construction would result in a "bonus" to the inmate because he or she will receive credit in advance of earning it. Respondent makes a similar argument. Resp.'s Br., dkt. #15, at 8 (["Petitioner's] proposed calculation allows prisoners to accrue good time credits for time they never serve.") However, this argument has force only if one assumes that the bureau's interpretation is the correct one. If one assumes that "a year" of the "term of imprisonment" is a year of the sentence imposed, then an inmate has completed a year of the term whenever the inmate's time actually served plus good conduct time equals 365 days (e.g., 311 days served + 54 days of good conduct time = 1 year of the term of imprisonment). Thus, the inmate still "earns" all of his good conduct time, but he does so at a faster rate than under the bureau's interpretation of the statute.

Finally, the Court of Appeals for the Ninth Circuit cited United States v. Johnson, 529 U.S. 53 (2000), to support its conclusion that § 3624(a) does not inform the proper

13

interpretation of § 3624(b). The court's reliance on <u>Johnson</u> is puzzling. In that case, the Supreme Court recognized only that under § 3624(e), a "term of supervised release" cannot begin until the inmate has been released from confinement. <u>Johnson</u>, 529 U.S. at 58-59. It did not consider the correct interpretation of the phrase "term of imprisonment" or suggest that words in § 3624 have different meanings in different parts of the statute. Thus, <u>Johnson</u> is not instructive in this case.

Respondent makes one other argument not raised by the court in <u>Pacheco-Camacho</u>: adopting petitioner's interpretation of § 3624(b) would be contrary to Congress's intent to give the bureau discretion in awarding good conduct time. He relies on <u>Lopez v. Davis</u>, 531 U.S. 230 (2001), in which the Supreme Court concluded that the bureau had discretion under 18 U.S.C. § 3621(e)(2)(B) to deny a sentence reduction because the statute provides that the bureau "may" reduce sentences under particular circumstances. Respondent notes that § 3624(b) has a similar provision that an inmate "may" receive up to 54 days of credit for each year of the term of imprisonment.

Respondent confuses two very different issues. There is no question that the bureau has discretion to deny good conduct time when it concludes that the inmate's behavior does not warrant it. Petitioner acknowledges that discretion. He is not challenging the bureau's decision to disallow 10 days of good conduct time after he was found guilty of a rule violation. However, discretion in *granting* good conduct time does not translate into

14

discretion for choosing the method for *calculating* good conduct time. The statute does not say that the bureau "may" calculate good conduct time in any way it wants. Rather, the statute uses the phrase "term of imprisonment" as the basis on which good conduct time must be calculated.

As noted above, an agency does not have discretion to interpret a statute that is unambiguous. Because I have concluded that Congress had the unambiguous intent to define the phrase "term of imprisonment" to mean "sentence imposed," I conclude that the bureau did not have authority to promulgate a regulation that uses "time served" as the basis for the calculation. The petition must be granted.

ORDER

IT IS ORDERED that petitioner Yancey White's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondent Joseph Scibana is directed to recalculate petitioner's good conduct time on the basis of each year of his *sentence* rather than on time

15

actually served.

    Entered this 23rd day of April, 2004.

                           BY THE COURT:

                            BARBARA B. CRABB
                            District Judge

## PETITIONER'S COMPUTATION OF GOOD CONDUCT CREDIT

(White v. Scibana, Docket No.: 03-CV-581-C - 4/23/04)

| | |
|---|---|
| SENTENCE IMPOSED BY COURT - FEBRUARY 10, 2004 | 63 MONTHS |
| SENTENCE IMPOSED MEASURED IN YEARS | 5 1/4 YEARS |
| GOOD CONDUCT CREDIT FOR EACH YEAR OF SENTENCE IMPOSED | 54 DAYS |
| GOOD CONDUCT CREDIT FOR PETITIONER'S SENTENCE IMPOSED | 283.5 DAYS |
| | |
| EXPIRATION OF FULL TERM OF SENTENCE | JULY 10, 2007 |
| LESS: GOOD CONDUCT CREDIT AS COMPUTED ABOVE | 283.5 DAYS |
| EXPIRATION OF SENTENCE ADJUSTED FOR GOOD CONDUCT CREDIT | SEPTEMBER 29, 2006 |

7055 INMATE REQUEST TO STAFF CDRFM

DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| STEPHEN GAGNON /SM | JUNE 14, 2004 |
| FROM: | REGISTER NO.: |
| CHARLES E. LOUDON | 04518-082 |
| WORK ASSIGNMENT: | UNIT: |
| CCS-PM | G-A |

SUBJECT: (Briefly state your question or concerned the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to respond to your request.)

On April 23, 2004, the Honorable Barbara B. Crabb, Chief U.S. District Judge for the Western District of Wisconsin, ruled that federal prisoners are entitled to good conduct credit totalling 54 days per year, for every year of the "sentence imposed." See, White v. Scibana, Docket No.: 03-CV-581-C (4/23/04). This holding calls into question the operation and correctness of both 28 C.F.R. §523.20 and 5880.28. Consequently, I am hereby respectfully requesting that my good conduct time allowance be re-computed, consistent with the holding in Scibana, supra.

Please take notice that this request shall constitute the exhaustion of my administrative remedies, and that further exhaustion would be futile.

Thank you for your time and attention in this matter.

(Do not write below this line.)    *Charles E Loudon*

DISPOSITION:

| Signature Staff Member: | Date: |
|---|---|
| | |

**SECOND REQUEST - JUNE 21, 2004**

BP-S148.055 INMATE REQUEST TO STAFF CDRFM

DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| STEPHEN GAGNON/ISM | JUNE 14, 2004 |
| FROM: | REGISTER NO.: |
| CHARLES E. LOUDON | 04518-082 |
| WORK ASSIGNMENT: | UNIT: |
| CCS-PM | G-A |

SUBJECT: (Briefly state your question or concerned the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to respond to your request.)

On April 23, 2004, the Honorable Barbara B. Crabb, Chief U.S. District Judge for the Western District of Wisconsin, ruled that federal prisoners are entitled to good conduct credit totalling 54 days per year, for every year of the "sentence imposed." See, White v. Scibana, Docket No.: 03-CV-581-C (4/23/04). This holding calls into question the operation and correctness of both 28 C.F.R. §523.20 and 5880.28. Consequently, I am hereby respectfully requesting that my good conduct time allowance be re-computed, consistent with the holding in Scibana, supra.

Please take notice that this request shall constitute the exhaustion of my administrative remedies, and that further exhaustion would be futile.

Thank you for your time and attention in this matter.

(Do not write below this line.)   *Charles E. Loudon*

DISPOSITION:

| Signature Staff Member: | Date: |
|---|---|

Per Program Statement 5880.28, Goof Conduct Time (GCT) is controlled by 18 U.S.C. 3624(b) - it states:

A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment............

For computation purposes, it is necessary to remember the following about subsection 3624(b):

> 54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year.

Your good conduct time is calculated for each year actually served, not the total term in effect. You must be in custody to receive good conduct time.

If the above answer is not satisfactory to your request, you may begin the Administrative Remedy process.

A current good time data sheet is attached - you are earning 54 days per year.

```
 DEVAL  542*22 *              SENTENCE MONITORING           *    06-24-2004
PAGE 001 OF 001 *               GOOD TIME DATA              *    10:28:54
                              AS OF  06-24-2004

REGNO....: 14518-080    NAME: LOUDON, CHARLES E
ARS L....: DEV A-DES                                     PLRA
COMPUTATION NUMBER..: 030                FUNC..: PRT    ACT DT:
LAST UPDATED: DATE.: 03-23-2004          FACL..: DEV    CALC: AUTOMATIC
UNIT................: G UNIT             QUARTERS.............: G01-104L
DATE COMP BEGINS....: 02-10-2004         COMP STATUS..........: COMPLETE
TOTAL JAIL CREDIT...: 669                TOTAL INOP TIME......: 0
CURRENT REL DT......: 03-24-2007 SAT     EXPIRES FULL TERM DT: 07-10-2007
PROJ SATISFACT DT...: 11-06-2006 MON     PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                    ACTUAL SATISF METHOD:
DAYS REMAINING......:                    FINAL PUBLIC LAW DAYS:

------------------------------GOOD CONDUCT TIME AMOUNTS------------------------

   START       STOP      MAX POSSIBLE TO    ACTUAL TOTALS    VESTED    VESTED
   DATE        DATE      DIS    FFT         DIS    FFT       AMOUNT    DATE
  04-13-2002  04-10-2003  54    54
  04-13-2003  04-10-2004  54    108
  04-13-2004  04-10-2005  54
  04-13-2005  04-10-2006  54
  04-13-2006  11-06-2006  30

     TOTAL EARNED AMOUNT................................................:  108
     TOTAL EARNED AND PROJECTED AMOUNT..................................:  246




G0015         TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```