UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LOUDON, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. 04-40122-RCL |
| v. | ) |
| | ) |
| DAVID L. WINN, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OF RESPONDENT DAVID L. WINN IN OPPOSITION TO PETITIONER'S REQUEST FOR RELIEF AND IN SUPPORT OF MOTION TO DISMISS

The petitioner Charles Loudon, an inmate at Federal Medical Center, Devens, seeks habeas relief under 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons ("BOP") has incorrectly calculated credit against his sentence for good conduct time. For the reasons stated below, the petition fails to state a claim upon which relief can be granted and must therefore be dismissed.

## STATEMENT OF FACTS[1]

The Petitioner was sentenced on February 10, 2004, by the United States District Court for the District of Vermont to a term of imprisonment of 63 months with a three year term of supervised release to follow for two counts of false statements and one count

---

[1] In accordance with the standard of review upon a motion to dismiss, the well-pleaded factual allegations of the Petition are accepted as true for purpose of this motion. See Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994).

of wire fraud. On March 19, 2003, the Petitioner was transferred to the Federal Medical Center, Devens, Massachusetts ("FMC Devens"), where he is presently incarcerated.

Pursuant to the BOP's established practice concerning the calculation of Good Conduct Time ("GCT") credits, the BOP has determined that Petitioner will be entitled to 246 days of GCT credited against his sentence, assuming good behavior, such that his projected release date is November 6, 2006.[2] The Petitioner contends that the BOP has incorrectly determined his GCT credits and that a correct calculation should yield 283.5 days of GCT with a projected release date of September 29, 2006.

## ARGUMENT

I. THE BUREAU OF PRISON'S CALCULATION OF PETITIONER'S GOOD CONDUCT TIME IS CORRECT PURSUANT TO 18 U.S.C. § 3624(b)

Petitioner asserts that the BOP incorrectly calculates his Good Conduct Time ("GCT") by substituting "years served" for "term of imprisonment" in 18 U.S.C. § 3624(b). Petitioner alleges that, under the statute, he is entitled to 283.5 days of GCT, whereas, under the BOP's interpretation of the statute, he gets 246 days. Petitioner's assertion is incorrect.

---

[2] See Declaration of Stephanie Scannell ("Scannell Decl."), Attachment "d," Sentence Monitoring Computation Data. Petitioner received prior jail credit of 669 days from April 12, 2002, through February 9, 2004. Id. In the event that all of his remaining Good Conduct Time is disallowed, Petitioner's full term expiration date is July 10, 2007. Id.
  The BOP's determination of Petitioner's GCT credits, assuming good behavior, is set forth in Attachment "a" to the Scannell Decl.

A. The Governing Statute; the BOP Regulation; and Program Statement 5880.28

The federal statute governing GCT credits under the Sentencing Reform Act for all offenses committed after November 26, 1996, appears at 18 U.S.C. § 3624(b). The statute provides:

> (b) Credit toward service of sentence for satisfactory behavior.--
>
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . Credit that has not been earned may not later be granted. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence. . . .

The implementing BOP regulation at 28 C.F.R. § 523.20 provides:

> **Good conduct time.**
>
> . . . Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after April 26, 1996, the Bureau shall consider whether the inmate has earned, or is making satisfactory progress (see § 544.73(b) of this chapter) toward earning a General Educational Development (GED) credential before awarding good conduct time credit.
> (a) When considering good conduct time for an inmate serving a sentence for an offense committed on or after April 26, 1996, the Bureau shall award:
> (1) 54 days credit for each year <u>served</u> (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or

3

>    (2) 42 days credit for each year <u>served</u> (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.
>    (b) The amount of good conduct time awarded for the year is also subject to disciplinary disallowance (see Tables 3 through 6 in § 541.13 of this chapter).

28 C.F.R. § 523.20 (emphasis added).

The application of the statute and BOP regulation is explained in a BOP internal guideline, Program Statement 5880.28, <u>Sentence Computation Manual CCCA</u> ("PS 5880.28") (relevant portions are attached as Attachment "e" to the Scannell Decl.). Consistent with the statute and regulation, PS 5880.28 provides that, in determining credit to be applied to the last year or portion of the last year, the 54 days of credit per year earned by the model prisoner shall be prorated to 0.148 days of credit for every actual day served during good behavior (54/365 = 0.148). <u>Id.</u>[3]

B. The BOP Regulation and Program Statement Reflect a Correct Interpretation of 18 U.S.C. § 3624(b)

Under the Petitioner's interpretation of § 3624(b), he should get 54 days of GCT credit for the first year of his sentence; another 54 days of credit for the second year of his

---

[3] The Program Statement sets forth a mathematical model that is straight-forward in concept. It establishes a series of computations that adjust for the fact that each additional day of GCT credit results in one day less of time served. The days of credit and days of time served each need to be adjusted until the ratio of credit to time served (0.148) is proper. The calculations applicable to the Petitioner are set forth in Exhibit 1 hereto.

4

sentence; another 54 days of credit for the third year of his sentence; another 54 days of credit for the fourth year; another 54 days of credit for the fifth year of his sentence; and an additional 13.5 days of credit for the last three months of his sentence (or 15% of the 90 days), for a total of 283.5 days. Under his theory, he would get credit for the 90-day portion of the last year of his sentence, even though he will never have served a single day of that last year, and, in fact, will not even have served out the entirety of his fifth year. The Petitioner's theory is flatly inconsistent with the statutory requirement that credit be given "<u>at the end</u> of each year of the prisoner's term of imprisonment" (emphasis added), and that "credit for the last year or portion of a year of the term of imprisonment shall be prorated. . . ." Stated another way, if, as the Petitioner asserts, "term of imprisonment" were interpreted to mean "term of the sentence," it would be impossible for the BOP to give credit "at the end of each year of the prisoner's term of imprisonment," since the petitioner would, under his theory, no longer be under BOP custody during his last year.

The plain meaning of § 3624(b) supports the BOP's position. The statute sets forth the yearly occasion for the determination of each year's GCT credit: "at the end of each year of the prisoner's term of imprisonment." 18 U.S.C. § 3624(b). At that time, the BOP is to examine the prisoner's record of conduct over the year past and decide whether that prisoner has shown "exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). Thus, the GCT statute operates on a yearly, ongoing basis, as time

is served, until the sentence is satisfied. It logically follows that if a prisoner cannot receive their 54 days of GCT until after each year of the term is complete, then a prisoner cannot receive any GCT for time not actually served.

The statute also provides, "Credit that has not been earned may not later be granted." Thus, the language clearly indicates that GCT credit must be earned. Petitioner's interpretation runs afoul of the plain language of the statute. If GCT credit were awarded based on length of sentence, as Petitioner urges, credit would be awarded for time not actually spent in prison, in other words, credit given that was never actually earned.

### C. The Court Should Defer To the BOP's Permissible Interpretation of § 3624(b)

The statutory language is not ambiguous. But if it is, the BOP's interpretation is entitled to substantial deference. It is set forth in a duly promulgated regulation, and consequently is entitled to full deference under Chevron U.S.A. Inc. v. Natural Resources Defense Council, 467 U.S. 837 (1984). See Pacheco-Camacho v. Hood, 272 F.3d 1266, 1270 (9th Cir. 2001), cert. denied, 535 U.S. 1105 (2002). Under Chevron, the BOP's regulation is to be upheld if it is "based on a permissible construction of the statute." 467 U.S. at 843. The discussion above demonstrates that the BOP's interpretation meets this standard.

The only two circuit courts to have considered the issue raised here have upheld the BOP position. In Pacheco-Camacho the Ninth Circuit rejected the same argument

6

made by the Petitioner here. The court noted that the petitioner's argument in that case would "confer upon the prisoner a bonus during his last year of imprisonment." 272 F.3d at 1269. After examining the statutory language, the court concluded, "Nothing in the statute clearly suggests that Congress intended to give the prisoner such a windfall in his last year." Id. The court further concluded that the BOP's implementing regulation was entitled to Chevron deference and that it reflected a permissible interpretation of the statute. Id. at 1270-71.[4]

The Court of Appeals for the Sixth Circuit, in two unpublished opinions, has also upheld the BOP's approach to determining GCT credits. See Brown v. Hemingway, 53 Fed. Appx. 338, 2002 WL 31845147 (6th Cir. 2002) ("The Bureau's interpretation is reasonable in light of the statutory language."); Williams v. Lamanna, 20 Fed. Appx. 360, 2001 WL 1136069 (6th Cir. 2001) ("The statute clearly states that good conduct time is awarded on time served by the inmate, not on the time that might potentially be served by the inmate.").[5]

---

[4] The Pacheco-Camacho court rejected a claim that the rule of lenity compelled Petitioner's interpretation. The rule of lenity resolves ambiguities in a criminal defendant's favor; however, it does not apply when, as in this instance, the question has been addressed by a regulation validly adopted through the rulemaking process. 272 F.3d at 1271-72.

[5] Pursuant to Sixth Circuit Rule 28(g), copies of these opinions are attached as Exhibits 2 and 3. Several district court decisions are in accord. Martinez v. Wendt, 2003 WL 22456808 (N.D. Tex. 2003); Webb v. Deboo, Case No. 3:03CV961, Ruling and Order dated Sept. 22, 2003 (D. Ct.) (Exhibit 4); De Gerolamo v. White, Case No. 03CV139, Opinion Dated May 20, 2003 (D. N.J.) (Exhibit 5); see also Montalvo v. United States, 174 F.Supp.2d 10, 14 (S.D. N.Y. 2001).

The Petitioner relies on one case to the contrary, White v. Scibana, 2003 WL 23171593 (W.D. Wis. 2003). The Respondent suggests that the White opinion is not well reasoned. The court in White gives no consideration to the statutory language that credit be established "at the end of each year of the prisoner's term of imprisonment," and offers no analysis of how, under the Petitioner's theory, "credit for the last year or portion of a year . . . shall be prorated . . . ." The court in White also fails to acknowledge the statutory command that "credit that has not been earned may not later be granted." Accordingly, White should not be followed. The BOP's calculation of Petitioner's GCT credit is correct, and the Petitioner's position is without merit.

## CONCLUSION

For the foregoing reasons, the Petition of Charles Loudon for habeas corpus should be dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ George B. Henderson, II
GEORGE B. HENDERSON, II
Assistant U.S. Attorney
John Joseph Moakley U. S. Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3282

Dated: July 29, 2004

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail on

7/29/04

Assistant U.S. Attorney

8